RECEIVED

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

2017 JUL 27  A 10: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MICHAEL BEESON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. : 1:17-CV-504-TFM |
| | ) |
| DIXIE TRAILER WORKS, INC.; | ) JURY TRIAL DEMANDED |
| BISON HORSE TRAILERS, LLC, | ) |
| d/b/a BISON COACH | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Michael Beeson brings this action against Defendants Dixie Trailer Works, Inc. and Bison Horse Trailers, LLC d/b/a Bison Coach for claims stemming from defects and failures of his purchase of a new Bison "Silverado" Horse Trailer.

**I.  JURISDICTION AND VENUE**

1.    This is an action instituted for damages and equitable relief in relation to a $53,888.00 horse trailer purchased by the Plaintiff.

2.    Jurisdiction is invoked under 28 U.S.C.A. §1331 for "all civil actions arising under the Constitution, laws, or treaties of the United States." Supplemental jurisdiction over state law claims is invoked pursuant to 28 U.S.C. § 1367.

3.    Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial portion of the unlawful acts or omissions forming the basis of Plaintiff's claims were committed in the Middle District of Alabama.   The trailer was purchased from Defendant Dixie Trailer Works, Inc., an Alabama corporation, with its principal place of business in Newton, Alabama, located within the Middle District of Alabama.

4.    A jury trial is demanded pursuant to the 7th Amendment of the Constitution of the United States, for all causes triable to a jury.

## II. PARTIES

5.    Plaintiff Michael Beeson ("Beeson") is over the age of 19 years and a resident of Biloxi, Mississippi. Beeson is the owner of a 2014 Bison "Silverado" 8415GLQ 4-horse trailer with short wall, bearing the vehicle identification number ("VIN") 51Y306N2XE2003687 ("the Trailer"), which is, and was, owned at all times relevant hereto by Plaintiff Michael Beeson.

6.    Defendant Dixie Trailer Works, Inc., ("Dixie") is a corporation organized under the laws of the state of Alabama, with its principal place of business located

in Dale County, at 228 Hubbard Road, Newton, Alabama 36352. Dixie sold Beeson the Trailer made the subject of this action and Dixie also attempted to make repairs to the Trailer at its business. Dixie is located within the Middle District of Alabama.

7. Defendant Bison Horse Trailers, LLC ("Bison") is an Indiana limited liability company, with its principal office address located at 804 South Highbee, Milford, IN, 46542. Bison's registered agent is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN 46204. Through information and belief, Bison manufactured the horse trailer made the subject of this action, and also does business under the name of Bison Coach.

8. At all times relevant to this lawsuit, Defendant designed, manufactured, marketed, advertised, distributed, sold, and/or otherwise caused the subject Trailer to be placed into the stream of commerce.

9. At all times relevant to this lawsuit, for purposes relevant to this lawsuit, the Defendants were in an agency relationship with one another.

## III. FACTUAL AVERMENTS

10. On or about March 13, 2015, Beeson purchased the Trailer from Dixie at a cost of $53,888.00, plus additional costs of $380 for a tire and wheel warranty, $2,120.00 for an Interstate Trailer LQ warranty, $130 for USRH, $125.00 for "doc fee", and $540.00 for "title fee". The Trailer was manufactured, warranted, and

supplied by Bison.

11.     In connection with Beeson's purchase of the Trailer, Bison issued and supplied to Beeson various written warranties, including a 12-month/ 12,000 mileage limited warranty on the Trailer, a 36-month/36,000 mile limited chassis warranty, and other warranties.     Defendants Dixie and Bison represented and intended for Beeson to view the Trailer was as "warranted" as and an assurance of the Trailer's quality, thereby inducing Beeson to purchase the Trailer.     Among other express warranties provided by Dixie and Bison, the Trailer was represented to be "Manufactured in Compliance with NATM Guidelines" and "Manufacturer certifies compliance with standard for recreational vehicles NFPA 1192".

12.     Bison's repair or replacement warranties require Bison to perform adequate and competent repairs or replacements within a reasonable time.     Dixie adopted these warranties through its conduct, including, but not limited to requiring approval by Dixie for "any and all warranty work performed by any company other than [Dixie]."     Such adequate and competent repairs completed within a reasonable amount of time are an essential purpose of warranties, limiting the remedies to repair or replace defective components or parts.

13.     Shortly after Beeson took possession of the Trailer, he began experiencing problems involving various defects and conditions, which required him to take to the Trailer to Dixie and to Bison's authorized repair facilities for repair on multiple

occasions, including, but not limited to, the following:

a. August 12, 2015 repairs by Lewis Trailer Sales for leaking doors, windows, skylights, plumbing, fixtures and other defects;

b. December 8, 2015 repairs by Dixie Trailer for leaking "slide outs" and structural leaks;

c. April 12, 2016 repairs by Lewis Trailer Sales for leaking window and structural leaks;

d. February 23, 2017 repairs by Bison for water leaks, window leaks, skylight leaks, and other defects.

14.   Despite Beeson's repeated attempts to have the Trailer repaired, the Defendants have been unable and/or unwilling to repair or replace the various defects with the Trailer, all of which were identified to them by Beeson.

15.   The numerous defects in the Trailer and the repeated inadequate repairs by the Defendants constitute substantial impairment in the use and value of the Trailer to Beeson.

16.   The Trailer remains in a non-conforming, defective, condition which substantially affects its functionality, safety, use, and value.

17.   Beeson has provided Bison and Dixie with oral and written notice of the breaches, and sufficient opportunities to repair the defects, non-conformities, and conditions within the Trailer

18.    Despite being given more than a reasonable number of attempts/reasonable opportunities to cure said defects, non-conformities, and conditions, Defendants have failed to do so.  As such, the warranties on the Trailer have failed of their essential purpose.

19.    The Defendant's failure to correct such defects violate their duties to Beeson and the reasonable expectations created by Defendant's duties, representations, and warranties.

20.    As a result of the ineffective repairs the Trailer cannot be utilized for its intended purpose.  Beeson has been, and will continue to be, financially damaged due to Defendants' failure to conform the Trailer to its warranties.

21.    Beeson has met all obligations and conditions provided in the Defendants' warranties, and under applicable law.

## IV. CLAIMS

## COUNT ONE: VIOLATIONS OF THE MAGNUSON-MOSS

## WARRANTY ACT

### All Defendants

22.    Beeson re-alleges the preceding factual allegations and averments herein.

23.    The Trailer is a consumer product, as defined in § 2301(1) of the Magnuson--Moss Warranty Act.

24. Defendant Bison is a warrantor, as that term is defined in § 2301(5) of the Magnuson-Moss Warranty Act.

25. Defendant Dixie is either a warrantor or a supplier, as defined by the Magnuson-Moss Warranty Act.

26. Beeson is a consumer, as that term is defined in § 2301(3) of the Magnuson-Moss Warranty Act.

27. Beeson has experienced defects including various mechanical and structural defects, as well as other failures of components and systems, within the warranty period.

28. Beeson has provided notice to Defendants and/or Defendants' agents of these problems and/or defects.

29. Despite repeated demands, and multiple opportunities to correct the defects, Defendants and/or Defendants' agents were unable to cure the defects after having been provided a reasonable opportunity to do so.

30. Beeson has complied with all reasonable terms and provisions imposed upon them by Defendants and/or Defendants' agents.

31. Defendants and/or Defendants' agents' breaches of their written, express, and/or implied warranties constitute a substantial impairment to the safety and value of the Trailer and violate the Magnuson-Moss Warranty Act.

32. As a proximate result, Beeson was caused to suffer loss of monies, incidental and consequential damages, physical injuries, as well as severe mental anguish and emotional distress.

WHEREFORE, Beeson prays that this Court will award damages against both defendants in an amount the Court deems appropriate to compensate Beeson for his loss of monies, incidental and consequential damages, bodily injury, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorneys' fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT TWO: FRAUD, SUPPRESSION, DECEIT AND MISREPRESENTATION

### All Defendants

33. Beeson hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

34. Since Beeson's purchase of the Trailer, and on each and every instance in which Beeson returned the Trailer to Dixie, Bison and/or Bison's authorized agents for repair, Bison, either itself, or through Bison's agents, owners, shareholders, and/or employees, continuously represented that:

      a. The Trailer was in a properly repaired condition in accordance with the manufacturer's warranty;

      b. The Trailer was fit for the ordinary purpose for which it was manufactured and sold;

      c. All repairs were performed with good workmanship;

      d. The various systems and components of the Trailer were repairable, and, in fact, had been repaired, including, but not limited to defects in the structure and systems designed to prevent water intrusion;

      e. Bison was both capable and willing to repairing the defects reported to Bison and/or Bison's authorized agents for repair;

35.    The foregoing misrepresentations, made orally, and in writing, to Beeson by Bison's owners, shareholder, agents, and employees, including, but not limited to, Paul Osborn (August 12, 2015 repairs by Lewis Trailer Sales), "WB" and "Holden" (December 8, 2015 repairs by Dixie Trailer), Mike Sattler (April 2016 repairs by Lewis Trailer Sales), Joshua Chipps (February 23, 2017 email regarding repairs made by Bison) were part of a pattern and practice of Bison, including Bison's agents such as Dixie, to induce Beeson, as well as other Bison Trailer owners, to accept Bison's purported repairs as having effectively remedied the defects, that Bison complied with all applicable standards and

regulations, and to cause Beeson, and other Bison Trailer owners, to postpone enforcement of their legal rights.

36.     Bison and Dixie represented to Beeson that Bison and Dixie had made repairs sufficient to bring the Trailer in compliance with Bison's express warranties, NFPA standards, RVIA standards, NATM standards, and state and federal codes. By way of example, and without limitation, Bison certified to Beeson that the Trailer complied with NATM standards, NFPA Standard 1192 and the RVIA's Trailer manufacturing standards.   Said certification was prominently affixed in writing to the Trailer at the time of manufacture, the sale, and following each repair attempt by Bison, Dixie and their agents.

37.     These representations as to the repairs, the standards, and the certification was false, and part of a pattern and practice of such representations.   Bison and Dixie knew or should have known that such representations were false at the time of manufacture of the Trailer, at the time of the sale of the trailer, and on every occasion which Bison had the Trailer in its possession for repairs.   Bison, and/or Bison's agents, hid and suppressed the Trailer's noncompliance with NFPA 1192, and the NATM standards.   Bison and Dixie continuously represented to Beeson that the Trailer met the aforedescribed RVIA and NFPA standards by allowing the written affirmation of certification to remain on the Trailer, despite having numerous opportunities to either: a) bring the Trailer into compliance with

the NATM, RVIA and NFPA standards, or (b) remove the affirmation of certification from the Trailer. Bison and Dixie had such opportunities on each and every occasion that Bison, Dixie and/or Bison's authorized repair agents had the Trailer in their possession.

38.   Beeson relied on Bison's and Dixie's certification as to the completeness of repairs and of compliance with RVIA, NATM, and the NFPA, by purchasing and attempting to use the Trailer for its intended purpose.

39.   Bison's and Dixie's oral and written representations were false. Bison's and Dixie's misrepresentations were intentional, reckless, and/or innocent. Furthermore, after inspecting the Trailer, and purportedly making repairs to the Trailer, Bison and Dixie hid and suppressed the true defects in the Trailer, allowing the Trailer to continue to remain in disrepair, and to suffer continuing damage and deterioration.

40.   Beeson reasonably relied upon said representations by continuing to return the Trailer to Bison, Dixie, and/or Bison's agents for service, and in attempting to use the Trailer for its intended purposes.   As a proximate result of this reliance, Beeson has been caused to suffer economic loss, incidental and consequential damages, loss of value to the Trailer, loss of use of the Trailer, mental anguish and emotional distress, and Beeson has incurred, and will continue to incur, additional costs and attorney's fees.

WHEREFORE, Beeson prays that this Court will award damages in an amount the Court deems appropriate to compensate Beeson for his loss of monies, incidental and consequential damages, bodily injury, severe mental anguish, and emotional distress, in an amount to be determined by a jury, as well as attorneys' fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT THREE:   BREACH OF WARRANTIES

### All Defendants

41.   Beeson hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

42.   On or about March 13, 2015, Dixie entered into a Purchase Agreement with Beeson to sell him the Trailer.

43.   By its conduct, Dixie, and/or its agents breached its duty of good faith to Beeson implied in the transaction under § 1-304 of the Uniform Commercial Code by:

    a.    Breaching the express and implied warranties described herein;

    b.    Misrepresenting the condition of the Trailer;

    c.    Concealing and omitting the material fact that the model Trailer was known to Defendants and/or Defendants' agents to have serious mechanical,

structural and/or other problems and defects;

d.      Selling Beeson a Trailer with severe pre-existing mechanical defects of which Defendants and/or Defendants' agents knew or should have known; and

e.      Other conduct inconsistent with Defendants' and/or Defendants' agents' obligations and duties under the contract.

44.   As a proximate result, Beeson was caused to suffer loss of monies, incidental and consequential damages, as well as bodily injury, severe mental anguish and emotional distress.

WHEREFORE, Beeson prays that this Court will award damages in an amount the Court deems appropriate to compensate Beeson for his loss of monies, incidental and consequential damages, bodily injury, and severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorneys' fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT FOUR:   BREACH OF EXPRESS WARRANTIES

### All Defendants

45.   Beeson hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

46.     Dixie and Bison, both orally, and in writing, represented to Beeson that the Trailer was new, free of defects, and that said Trailer was suitable for human habitation, as a horse trailer, and for recreational use.

47.     Beeson purchased the Trailer in reliance on the existence of a written warranty from Defendants, and, at the date of sale, Beeson believed Defendants or their authorized and/or franchised dealers would honor said warranty in a timely and proper manner.

48.     Defendants, by way of written information and other advertisement, made express representations to Beeson that the Trailer would be made free of any future defect or problems under the warranty.

49.     Defendants and/or Defendants' agents breached the express warranties made to Beeson that the Trailer was suitable for human habitation, use as a horse trailer, and recreational use, and would be free of defects for the duration of the warranty.

50.     Defendants made written representations to Beeson that the Trailer was new, free of defects, complied with RVIA and NFPA 1192 standards, and that said Trailer was suitable for both human habitation, as a horse trailer and for recreational use. In addition to written warranties, and warranties on Bison's website and other advertising, Bison's and Dixie's certification of NATM standards, NFPA Standard 1192, and the RVIA's Trailer manufacturing standards was prominently affixed in

writing to the entryway of the Trailer at the time of manufacture and remained affixed at the time of sale and all times thereafter.

51.     Beeson purchased the Trailer in reliance on the existence of a written warranty from Defendant and, at the date of sale, Beeson believed Defendants or their authorized and/or franchised dealers would honor said warranty in a timely and proper manner.

52.     Defendant Bison, directly benefits from the sale of recreational vehicles by Dixie, and directly benefited from the sale of the Trailer to Beeson.  The express warranties made by Dixie, an authorized dealership of Bison, were intended to facilitate the sale of the Trailer to Beeson, and, as such, may not be disclaimed by Bison.

53.     As a proximate result, Beeson was caused to suffer loss of monies, incidental and consequential damages, as well as bodily injury, severe mental anguish and emotional distress.

WHEREFORE, Beeson prays that this Court will award damages in an amount the Court deems appropriate to compensate Beeson for his loss of monies, incidental and consequential damages, bodily injury, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorneys' fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT FIVE:

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### Defendant Dixie

54.   Beeson hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

55.   A warranty that the Trailer was in merchantable condition was implied in the transaction made the subject of this dispute, pursuant to § 2-314 of the Uniform Commercial Code.

56.   Defendants provided a written warranty on the Trailer and were either warrantors or suppliers under the Magnuson-Moss Warranty Act. As such, Defendants may not disclaim implied warranties as to the R.V.

57.   Defendants sold Beeson a Trailer that was not fit for the ordinary purposes for which a Trailer is used, and was not in merchantable condition when sold to Beeson.

58.   Defendants breached the warranty of merchantability implied by law in the transaction made the subject of this dispute.

59.   As a proximate result, Beeson was caused to suffer loss of monies, incidental and consequential damages, as well as bodily injury, severe mental anguish and emotional distress.

WHEREFORE, Beeson prays that this Court will award damages in an amount the Court deems appropriate to compensate Beeson for his loss of monies,

incidental and consequential damages, bodily injury, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorneys' fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT SIX: BREACH OF IMPLIED WARRANTY
## OF FITNESS FOR A PARTICULAR PURPOSE
### Defendant Dixie

60.   Plaintiff Beeson hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

61.   A warranty that the Trailer was fit for the particular purposes of dependable use to both use as a horse trailer, storage space, living space, and a temporary home, was implied in the transaction made the subject of this dispute, pursuant to § 2-315 of the Uniform Commercial Code.   Defendants had reason to know of the particular purposes for which Beeson intended to use the goods and Beeson was relying on Dixie's skill and expertise in selecting this Trailer

62.   Defendants provided a written warranty on the Trailer and were either warrantors or suppliers under the Magnuson-Moss Warranty Act. As such, Defendants may not disclaim implied warranties as to the Trailer

63.    Defendants sold Beeson a Trailer that does not provide any recreational vehicle use, or any other reasonable use.

64.    Defendants and/or Defendants' agents breached the implied Warranty of Fitness for a Particular Purpose, implied by law in the transaction made the subject of this dispute.

65.    As a proximate result, Beeson was caused to suffer loss of monies, incidental and consequential damages, as well as bodily injury, severe mental anguish and emotional distress.

WHEREFORE, Beeson prays that this Court will award damages in an amount the Court deems appropriate to compensate Beeson for his loss of monies, incidental and consequential damages, bodily injury, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorneys' fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT SEVEN: NEGLIGENCE, RECKLESSNESS AND WANTONESS
### All Defendants

66.    Plaintiff Beeson hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

67.    Bison owed a duty to Beeson and others to design, manufacture, sell, and repair the Trailer, so as to ensure that it was safe for its intended and anticipated uses

by Beeson and others.

68.     Bison breached said duty, as more specifically described herein, by failing to properly design, manufacture, maintain, and/or repair the Trailer, including, but not limited to designs and products known to have water leaks and/or allow water intrusion, products not in compliance with National Association of Trailer Manufactures, National Fire Protection Association, and Recreation Vehicle Industry Association standards, failing to meet state and federal codes pertaining to Trailer manufacture, and selection and implementation of components, parts and systems made part of the Trailer, as set forth herein.

69.     Defendants also owed Beeson a duty of care and professionalism in the rendition of the services rendered, in training and supervising its employees to perform those services in full compliance with the laws of the State of Alabama and the Federal Government, in not engaging or allowing its agents to engage in the wrongful practices herein alleged, in not suppressing or concealing such activities, or enabling its agents to do so, and in not terminating or otherwise disciplining those employees or agents known to have violated company policies, state and federal laws or regulations by engaging in the misconduct herein alleged.

70.     Defendants owed duties to Beeson in putting forth loyal, honest, and fair dealing employees or agents who act in compliance with State laws regarding the proper design, construction and repair of its Trailers and Defendant's superior

knowledge of those respective industries, its practices, and Defendant's practices. Defendant's negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct.     The Defendants breached the duties they owed to Beeson, and such breaches arise out of the negligent or wanton conduct of the Defendants and those who acted in concert or conspiracy with them or acted as their agents, servants or employees, and in the line and scope of their business and contractual and statutory and regulatory duties, in order to preserve and protect the financial interest of the Defendants and those who acted in concert or conspiracy with them.

71.     Defendants knew, or should have known, of the wrongful or fraudulent practices engaged in by its employees or agents, and knew or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public and Beeson.   Defendants knew, or should have known, that its policies and practices in training, supervising, and retaining such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices were an actual and proximate cause of Beeson's injuries.

72.     Beeson has incurred damages proximately caused by Defendants' negligence in training, supervising, and retaining its employees and/or agents.

73.   By its conduct the Defendant breached said duties to Beeson and was wanton, negligent and/or reckless.

74.   As a proximate result of the aforementioned conduct of Defendants, and Defendants' employees and agents, Beeson was caused to suffer loss of monies, incidental and consequential damages, as well as severe mental anguish and emotional distress.

WHEREFORE, Beeson prays that this Court will award damages in an amount the Court deems appropriate to compensate Beeson for his loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorneys' fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

Thomas C. Donald (ASB6795A47D)
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
cdonald@donaldlawfirm.com

Michael E. Parrish (ASB-5747S69M)
PARRISH & THEUS, LLC
P.O. Box 590067
Birmingham, AL 35259-0067
205-326-0026
Mike.parrish@parrish-theus.com

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL FOR ALL CLAIMS AS TO ALL DEFENDANTS SO TRIABLE.**